### WALKER et al. v. COLLINS CIGAR CO.

(Circuit Court of Appeals, Third Circuit. May 31, 1900.)

No. 29.

PATENTS—INFRINGEMENT—CIGAR CUTTERS.

The Phillippi patent, No. 398,345, for a cigar cutter, claims 1 and 2, if valid, must be limited to the mechanism shown and described in the drawings and specification. As so construed, *held* not infringed.

Appeal from the Circuit Court of the United States for the Western District of Pennsylvania.

J. C. Sturgeon, for appellants.

C. W. Miles, for appellee.

Before DALLAS and GRAY, Circuit Judges, and BRADFORD, District Judge.

BRADFORD, District Judge. This is an appeal from the decree of the circuit court for the Western district of Pennsylvania dismissing a bill charging infringement of letters patent of the United States No. 398,345, dated February 19, 1889, issued to Frank A. Phillippi for an improvement in "Cigar-cutters," and now held and owned by the appellants, complainants below. The answer sets up the usual defenses. The patent in suit contains six claims, but the charge of infringement has been restricted to claims 1 and 2. They are as follows:

"(1) In a cigar-cutter, the combination of a shaft having a gear and spring mounted thereon with a shaft provided with a pinion adapted to mesh with

said gear, and having a cutter-wheel mounted at one side, and with devices for releasing the cutter-wheel to permit the spring and intermediate mechanism to rotate the same, substantially as specified.

"(2) In a cigar-cutter, the combination of a shaft having a gear and a spring mounted thereon, or its described equivalent with a shaft provided with a pinion adapted to mesh with said gear, and having a cutter-wheel mounted at one side and provided with stops, and devices, substantially as shown and described, for releasing the cutter-wheel, substantially as specified."

In the description the patentee states:

"This invention has relation to machines for cutting the tips or 'tucks' from cigars; and among the objects in view are to provide a cheap simple machine for the above purpose that is composed of as few parts as possible, that can be easily manufactured and assembled, and when complete and in use will give a clean cut to the ends of cigars submitted thereto. Other objects and advantages of the invention will hereinafter appear, and the novel features will be particularly pointed out in the claims."

Phillippi filed his original application for a patent for his invention November 4, 1886. This application, after sundry amendments, was allowed January 11, 1887. Thereafter it was placed in interference and was re-allowed June 8, 1887, but subsequently was forfeited for non-payment of the final fee. Afterwards, November 10, 1888, Phillippi filed the application on which the patent in suit was granted. In the proceedings on his original or forfeited application he was required by the patent office to acknowledge the state of the art. He accordingly inserted in his application the following statement:

"I am aware that a rotating cutter has been employed to sever the ends of cigars and therefore do not broadly claim such as of my invention."

This acknowledgment not being deemed sufficient by the patent office, he substituted the following:

"I am aware that a rotating cutter having stops, and a cam-lever adapted to be projected into the path of said cutter has heretofore been employed and therefore do not broadly claim such as of my invention."

This admission disposes of the contention of the appellants that Phillippi's device was a primary or pioneer invention. The counsel for the appellants admits that the tripping and stopping mechanism of the patent in suit is not the important feature of the invention, but contends that "the gearing of a spring shaft to a cutter-wheel shaft so as to temper the force of the action of the cutter-wheel so as to prevent self destructive action upon the stop mechanism was the all important feature of the invention." The learned judge below well said that it was "an old and common expedient to transmit motion through a primary shaft with a gear intermeshing with a pinion of a second shaft." The prevention of "self destructive action upon the stop mechanism" was, we think, merely a matter of mechanical adjustment. An examination of earlier patents in evidence, including patent No. 221,911, dated November 25, 1879, granted to Charles Cook for an improvement in "Automatic Cigar Lighters" and German patent No. 25,760, dated January 28, 1884, granted to Rudolph Schubert for an automatic cigar-cutter for the removal of cigar tips, satisfies us that if the patent in suit is valid the mechanism covered by it is confined to that shown and described in the drawings and description and specifically claimed. Each of the two claims in controversy men-

tions as an element of the combination "a cutter-wheel mounted at one side." It is urged by the appellants that the words "mounted at one side" do not refer to the side of the case, and that the words "at one side" should be treated as "surplusage." We are unable to adopt this view. The mechanism as shown and claimed discloses a cutter-wheel mounted at one side of the case, through which side the cigar is inserted in order that its tip may be brought within the plane of rotation of the cutters. If the cutter-wheel were not so mounted a cigar inserted through the side of the case, as shown and described, would not be operated on as contemplated, and the mechanism would wholly fail to perform its function. The cigar-cutter used by the appellee differs from that of the appellants in that there is no cutter-wheel mounted at one side of the case, the cigars are inserted through the top of the case and their tips removed by the peripheral blades of a solid cutter-block mounted midway between the opposite sides of the case and also midway between the spring and the gear. Aside from the foregoing considerations the mechanism covered by the patent in suit is of extremely doubtful utility and is not a marketable device. Nor do the automatic cigar-tip cutters manufactured and sold by the appellants conform to the requirements of their patent.

The decree of the circuit court is affirmed.